ANTHONY J. ORSHANSKY, Cal. Bar No.199364
anthony@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

TODD M. FRIEDMAN, Cal. Bar No. 216752
tfriedman@attorneysforconsumers.com
NICHOLAS J. BONTRAGER, Cal. Bar No. 252114
nbontrager@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Drive, Suite 415
Beverly Hills, California 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
[Other Counsel on signature page]
Attorneys for Anthony Ditirro, on behalf of himself and
others similarly situated

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY DITIRRO, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. VIOLATION OF CALIFORNIA CIVIL CODE § 3344 <br> 2. MISAPPROPRIATION OF LIKENESS <br> 3. FALSE LIGHT <br> 4. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *et seq.* <br> 5. FALSE ADVERTISING, CAL. BUS. & PROF. CODE § 17500 <br> 6. VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT (CAL. CIVIL CODE §§ 1750 *et seq.*) <br> 7. NEGLIGENCE <br> 8. BREACH OF CONTRACT <br> 9. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING <br> 10. RESTITUTION BASED ON QUASI-CONTRACT / UNJUST ENRICHMENT <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

CLASS ACTION COMPLAINT

**INTRODUCTION**

1.      ANTHONY DITIRRO ("PLAINTIFF") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of FACEBOOK, INC. ("DEFENDANT") and its related entities, subsidiaries and agents, in unlawfully using its customers' likenesses and Facebook profiles to create a false impression that its customers are promoting a particular company or product without said customer's knowledge or consent.  PLAINTIFF alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**JURISDICTION AND VENUE**

2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because the claims of the individual class members, when aggregated among a proposed class numbering in the millions, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, PLAINTIFF alleges a national class, which will result in at least one class member belonging to a different state than that of DEFENDANT.   Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) (1) and 1441(a) because DEFENDANT is headquartered in San Mateo.

**PARTIES**

4.      PLAINTIFF is, and at all times mentioned herein was, an individual citizen and resident of the State of Colorado.

5.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT is, and at all times mentioned herein was, a corporation, with its principal place of business in the City of Menlo Park, State of California.

6.      PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant, DEFENDANT conducted business in the State of California.

1

CLASS ACTION COMPLAINT

**FACTUAL ALLEGATIONS**

7.      Founded in 2004, DEFENDANT is the world's largest social media networking website with over a billion active users as of September of 2012.

8.      Users must register to be able to use the website, after which they have the option to create a personal profile, add other users as "Facebook Friends," exchange messages and receive automatic updates about their Facebook Friends when one of them updates his or her profile.

9.      A user's personal profile can consist of digital photographs, a wall for other users to write on, a list of interests, an educational history, as well as other personal information.

10.     Users can also create or join interest groups and "Like" pages, many of which are maintained by well-known products and companies as a means of advertising.

11.     The Facebook "Like Button" is a very popular feature of DEFENDANT'S website, allowing users to express their appreciation of content such as other user's Facebook status, comments, and posted photos.

12.     Facebook users also have the ability to utilize their "Like Button" to endorse various companies' products, services and advertisements.

13.     A single click on a like button by a particular Facebook user will advertise to thousands of others that a particular user backs or likes a particular company's product or service; a gigantic source of advertising.

14.     DEFENDANT will routinely post a sponsored company's advertisement on a user's timeline, indicating to said user that one of his or her Facebook friends "Likes" that particular company, giving the impression of endorsement.

15.     According to a recent Internet article, The Facebook "Like Button" is seen more than 22 billion times per day and is embedded in over 7.5 million websites.

16.     PLAINTIFF has been a registered Facebook user since 2009. Before signing up for Facebook and continually thereafter, PLAINTIFF read Facebook's terms and conditions and other information provided by DEFENDANT regarding privacy and the dissemination and use of

CLASS ACTION COMPLAINT

personal information and content posted on Facebook, and he has continually followed statements in the media by DEFENDANT'S representatives and officials regarding these issues.

17.   PLAINTIFF and other Class members (defined below) understood that by signing up for Facebook they would own and control their personal information and content.   Indeed DEFENDANT not only permitted but required PLAINTIFF and other Class members to provide accurate and truthful information.   For PLAINTIFF and other Class members, the value of DEFENDANT'S service consisted in the conveyance truthfully and accurately of this information.

18.   Furthermore, PLAINTIFF and other Class members understood not only from the expressed purpose of Facebook (i.e., to convey correct and truthful information), but also from the terms and conditions that DEFENDANT would use information about PLAINTIFF and Class members, subject to their privacy and application settings, that they actually posted and that advertising would use the information and content they posted or provided, not information they did not post and that was inaccurate or untrue.

19.   Thus PLAINTIFF, Class members, and reasonable consumers would understand from DEFENDANT'S mission and policies that it would not disseminate false, incorrect, or untruthful information, and specifically would not falsely attribute sponsorship, endorsement, preference, or approval in the form of "Likes" to them when they had not in fact "Liked" a product, service, or company.

20.   On or about November of 2013, PLAINTIFF received notification from one of his Facebook friends that PLAINTIFF was featured on Facebook, "Liking" USA TODAY newspaper in a Facebook sponsored advertisement.   (Attached as Exhibit "A" to this Complaint is a screenshot of Facebook showing PLAINTIFF "liking" USA TODAY).

21.   Although PLAINTIFF has nothing negative to say about USA TODAY newspapers, PLAINTIFF is not an avid reader of USA TODAY, nor does PLAINTIFF endorse the newspaper.

22.   PLAINTIFF has never visited USA TODAY'S website.

23.   PLAINTIFF never clicked his "Like Button" on USA TODAY's website, USA TODAY'S Facebook page, nor any Facebook content or advertisement featuring USA TODAY.

3

24.     DEFENDANT knowingly used PLAINTIFF'S likeness and Facebook profile to advertise to the general public that PLAINTIFF endorsed USA TODAY without PLAINTIFF'S permission.

25.     PLAINTIFF was unaware that DEFENDANT had utilized PLAINTIFF'S Facebook profile to advertise for USA TODAY until PLAINTIFF was notified of the same by one of his Facebook Friends.

26.     DEFENDANT never contacted PLAINTIFF to ask permission to use PLAINTIFF'S Facebook profile to sponsor or "like" USA TODAY.

27.     DEFENDANT intentionally manipulated PLAINTIFF'S Facebook profile to give the general public, and specifically PLAINTIFF'S facebook friends, the false impression that PLAINTIFF liked or endorsed USA TODAY.

28.     PLAINTIFF and the members of the Class have all suffered irreparable harm and damages as a result of DEFENDANT's unlawful and wrongful conduct heretofore described.

## CLASS ACTION ALLEGATIONS

29.     PLAINTIFF brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

PLAINTIFF represents, and is a member of, the Class, consisting of:

**All persons within the United States whose Facebook profile was manipulated by DEFENDANT to give the impression to other Facebook users, including but not limited to their friends, family and acquaintances, that said person liked, endorsed and/or used a product/and or company that advertised on Facebook without the consent of said person to use their likeness and/or private data.**

30.     DEFENDANT and its employees or agents are excluded from the Class. PLAINTIFF does not know the number of members in the Class, but believes the Class members number in millions, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31.     PLAINTIFF reserves the right to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

CLASS ACTION COMPLAINT

32.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. DEFENDANT has more than one hundred million current subscribers.   The Class can be identified through DEFENDANT's records or DEFENDANT's agents' records.

33.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.   The questions of law and fact to the Class predominate over questions which may affect individual Class members, including *inter alia*:

    a.  Whether DEFENDANT violated California Civil Code § 3344 by representing that Class members "liked" products, companies, and/or services when they had not in fact done so;

    b.  Whether DEFENDANT misappropriated Class members' likenesses by representing in Facebook advertisements that Class members "liked" products, services and/or companies when they had not in fact done so;

    c.  Whether DEFENDANT portrayed members of the Class in a false light by inaccurately representing their preferences and endorsements for particular products and companies;

    d.  Whether DEFENDANT'S conduct and omissions as heretofore alleged are false, misleading, or reasonably likely to deceive its customers;

    e.  Whether DEFENDANT failed to disclose material facts relating to the character and quality of its advertising practices;

    f.  Whether California law applies to the proposed Class;

    g.  Whether DEFENDANT'S conducted described herein constitutes a breach of contract;

    h.  Whether DEFENDANT'S conduct described herein was negligent;

    i.  Whether DEFENDANT owed a duty to customers to exercise reasonable care to accurately represent the preferences and/or endorsements of members of the Class;

CLASS ACTION COMPLAINT

j.  Whether DEFENDANT breached its duty to exercise reasonable care in failing to represent accurately the preferences and/or endorsements of Class members for particular products, services, and companies;

k.  Whether DEFENDANT'S conduct described herein constitutes a breach of the covenant of good faith and fair dealing;

l.  Whether DEFENDANT was unjustly enriched as a result of the conduct alleged herein;

m.  Whether PLAINTIFF and the members of the Class were damaged by DEFENDANT'S conduct, and the extent of damages;

n.  Whether DEFENDANT has engaged in unlawful, unfair, or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.;* and

o.  Whether DEFENDANT should be enjoined from engaging in such conduct in the future.

34.  As a person whose personal information and likeness was compromised as a result of DEFENDANT'S wrongful conduct as herein alleged, PLAINTIFF is asserting claims that are typical of the Class.  PLAINTIFF will fairly and adequately represent and protect the interests of the Class in that PLAINTIFF has no interests antagonistic to any member of the Class.

35.  PLAINTIFF and the members of the Class have all suffered irreparable harm as a result of the DEFENDANT'S unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and DEFENDANT will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36.  PLAINTIFF has retained counsel experienced in handling class action lawsuits.

37.  A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecution of separate claims against DEFENDANT is small.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Litigating this case as a

6

CLASS ACTION COMPLAINT

class action will reduce the possibility of repetitious litigation relating to DEFENDANT'S conduct.

38.     DEFENDANT has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## (UNAUTHORIZED MISAPPROPRIATION AND COMMERCIAL USE OF NAME, VOICE AND PHOTOGRAPHS – CIV. CODE § 3344)

39.     PLAINTIFF re-alleges the foregoing paragraphs of this complaint and incorporates the same by reference as though set forth at length herein.

40.     Continuing through the present, DEFENDANT knowingly used and is continuing to use PLAINTIFF'S and other Class members' name and Facebook photos for DEFENDANT'S advantage, all without their prior consent.

41.     As a direct and proximate result of said acts by DEFENDANT, PLAINTIFF and other Class members have suffered damages, in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by them as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages.

42.     The Facebook advertisements depicting PLAINTIFF'S likeness and the likeness of other Class members were not authorized to be used in any fashion by DEFENDANT because they were obtained without their consent; moreover, said advertisements were at no time to be distributed to the public.

43.      In doing the acts alleged herein, DEFENDANT by and through its agents and representatives acted with negligence, oppression, fraud, and malice, engaging in despicable conduct carried on by DEFENDANT with a willful and conscious disregard of PLAINTIFF'S and other Class members' rights and that has subjected PLAINTIFF and other putative Class members to cruel and unjust hardship and humiliation in conscious disregard of their rights, in the process making intentional misrepresentations, engaging in deceit and concealing material facts known to

CLASS ACTION COMPLAINT

1  DEFENDANT with the intention on the part of DEFENDANT to thereby deprive PLAINTIFF

2  and Class members of their property rights, legal rights and otherwise to cause them injury, as

3  described herein above.

4      44.    Under authority of California Civil Code § 3344, PLAINTIFF and other Class

5  members, upon prevailing upon this claim, shall be entitled to an award of their reasonable

6  attorneys' fees and costs of suit incurred herein, as against DEFENDANT, as well as actual

7  statutory damages, profits gained and punitive damages.

8      45.    DEFENDANT will continue using the misappropriated likenesses of PLAINTIFF

9  and other Class members for purposes of promoting DEFENDANT'S websites, online presence,

10  advertising clients of DEFENDANT, and for their overall advantage, including, but not limited to

11  commercial gain and profit.  Unless and until enjoined and restrained by order of this Court,

12  DEFENDANT'S continued use of PLAINTIFF'S and other Class members' images and likeness

13  will cause PLAINTIFF and other Class member great and irreparable injury in that the impairment

14  of their reputation and standing will continue to be threatened.

15      46.    PLAINTIFF and other Class members have no adequate remedy at law for the

16  injuries being suffered in that a judgment for monetary damages alone will not end the invasion of

17  their right of privacy or suffice to fully remedy their injuries.

18                          **SECOND CAUSE OF ACTION**

19              **(INVASION OF COMMON LAW RIGHT OF PRIVACY – UNAUTHORIZED**

20                       **MISAPPROPRIATION OF IMAGE)**

21      47.    PLAINTIFF re-alleges paragraphs 1 through 45 inclusive of this complaint, and

22  incorporate the same by reference as though set forth at length herein.

23      48.    By virtue of DEFENDANT'S wrongdoing and the facts alleged herein above,

24  DEFENDANT, separate and apart from, any statutory violation of California Civil Code § 3344,

25  committed an invasion of PLAINTIFF'S and other Class members' right of privacy as recognized

26  by the common law of the State of California, and as supported and protected by the Constitution

27  of the State of California.

28      49.    DEFENDANT, without PLAINTIFF'S and other Class members' consent, invaded

CLASS ACTION COMPLAINT

PLAINTIFF'S and Class members' right to privacy by unlawfully representing to the general population that they endorsed DEFENDANT'S advertising via the internet, as alleged above.

50.     DEFENDANT invaded PLAINTIFF'S and Class members' right to privacy by unlawfully using PLAINTIFF'S Facebook profiles to promote advertising, of which it knew DEFENDANT had not obtained a valid written consent from PLAINTIFF or other Class members.

51.     The appropriation was unauthorized and without PLAINTIFF'S consent or the consent of Class members.

52.     DEFENDANT'S conduct involved the appropriation of PLAINTIFF'S image and likeness, and the image and likeness of other Class members. In doing the acts alleged herein DEFENDANT, without PLAINTIFF'S or Class members' consent, invaded PLAINTIFF'S and Class members' right to privacy by unlawfully publishing their likenesses.

53.     The appropriation was for DEFENDANT'S advantage in that DEFENDANT used PLAINTIFF'S and Class members' Facebook profiles and likenesses to promote and market their online presence, website, and overall marketability, as well as that of DEFENDANT'S advertising customers.

54.     Any public interest to be served by DEFENDANT'S action could be done without the use of PLAINTIFF'S and Class members' likenesses.

55.     As a proximate result of the above misappropriation of likenesses, PLAINTIFF and Class members were exposed to loss of reputation humiliation, embarrassment, hurt feeling, mental anguish, and suffering, all to their general damage in an amount according to proof.

56.     In making the misappropriation described above, DEFENDANT acted with negligence, oppression, fraud, and malice, engaging in despicable conduct carried on by DEFENDANT with a willful and conscious disregard of PLAINTIFF'S rights and the rights of other Class members and have subjected them to cruel and unjust hardship and humiliation in conscious disregard of their rights, engaging in deceit and concealing material facts known to DEFENDANT with the intention on the part of DEFENDANT to thereby deprive PLAINTIFF and Class members of their property rights, legal rights and otherwise to cause PLAINTIFF and

1   Class members injury, as described herein above.  In doing the acts alleged herein, DEFENDANT,

2   without PLAINTIFF'S or Class members' consent, invaded their right to privacy by unlawfully

3   publishing their Facebook profiles and likenesses.

4         57.    PLAINTIFF believes that DEFENDANT will to continue disclosing the above

5   information.  Unless and until enjoined and restrained by order of this court, DEFENDANT'S

6   continued publication will cause PLAINTIFF and Class members great and irreparable injury.

7   PLAINTIFF has no adequate remedy at law for the injuries being suffered in that a judgment for

8   monetary damages will not end the invasion of PLAINTIFF'S or Class members' privacy.

9         58.    As a direct and proximate result of DEFENDANT'S negligent and/or reckless

10  conduct, PLAINTIFF and Class members have been damaged in an amount to be proven at trial.

11  **THIRD CAUSE OF ACTION**

12  **(INVASION OF COMMON LAW RIGHT OF PRIVACY - PUBLICLY PLACING**

13  **PERSON IN FALSE LIGHT IN THE PUBLIC EYE)**

14        59.    PLAINTIFF re-alleges the foregoing paragraphs of this complaint and incorporates

15  the same by reference as though set forth at length herein.

16        60.    DEFENDANT, without PLAINTIFF'S consent and the consent of other Class

17  members, invaded PLAINTIFF'S and other Class members' right of privacy by posting on

18  Facebook advertisements of companies, products and/or services which contained PLAINTIFF'S

19  and Class members' misappropriated likenesses, purporting to promote said companies.

20        61.    PLAINTIFF and other Class members are portrayed in these advertisements

21  promoting said companies/products/services by "Liking" them with their Facebook profiles.  (See

22  Exhibit "A").

23        62.    Such disclosure by DEFENDANT created publicity in the sense of a public

24  disclosure to a large number of people in that this was published on the Internet to thousands,

25  perhaps millions of other Facebook users.

26        63.    The publicity created by DEFENDANT placed PLAINTIFF and Class members in

27  a false light in the public eye in that DEFENDANT'S advertisements suggest that PLAINTIFF

28  and Class members like, promote and/or use the companies/products/services depicted in said

advertisements.

64.    The publicity created by DEFENDANT was offensive and objectionable to PLAINTIFF and Class members, and to a reasonable person of ordinary sensibilities.

65.    The publicity created by DEFENDANT was done with negligence and/or malice in that it was made either with knowledge of its falsity or in reckless disregard of its truth in that the advertisements depicting PLAINTIFF and Class members were calculated falsehoods because DEFENDANT knew that PLAINTIFF and Class members did not in fact like, promote and/or use the companies/products/services depicted in said advertisements.

66.    As a proximate result of the above-mentioned disclosure and depictions, PLAINTIFF and Class members suffered general damages in an amount according to proof.

67.    In making the disclosure and depiction described above, DEFENDANT was guilty of negligence, oppression, fraud, or malice, in that DEFENDANT made the disclosure with negligence or with a willful and conscious disregard of PLAINTIFF'S and Class members' property rights.  PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

68.    PLAINTIFF believes that DEFENDANT will to continue disclosing the above information.  Unless and until enjoined and restrained by order of this court, DEFENDANT'S continued publication will cause PLAINTIFF and Class members great and irreparable injury. PLAINTIFF has no adequate remedy at law for the injuries being suffered in that a judgment for monetary damages will not end the invasion of PLAINTIFF'S or Class members' privacy.

**FOURTH CAUSE OF ACTION**

**UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES UNDER**

**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200,** *et seq.*

69.    PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70.    DEFENDANT'S acts, practices, and omissions detailed above constitute unlawful, unfair and/or fraudulent business practices and acts, within the meaning of California Business & Professions Code § 17200 et seq.

CLASS ACTION COMPLAINT

71.    DEFENDANT'S acts, practices, and omissions detailed above constitute fraudulent practices in that they are likely to deceive and did deceive reasonable consumers.   PLAINTIFF and each member of the Class were fraudulently induced to register with Facebook and/or continue using Facebook and provide content and information based on their understanding that DEFENDANT would not fabricate false information about them and broadcast it to their Friends and others.

72.    DEFENDANT'S acts, practices, and omissions detailed above, constitute unlawful practices and/or acts in that they violate Cal. Civ. Code § 3344, as well as the common law right to privacy by, *inter alia*, systematically misappropriating the likeness of PLAINTIFF and Class members and portraying them in a false light.

73.    DEFENDANT has committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to PLAINTIFF'S or Class members' legal, contractual, and exclusive proprietary rights.

74.    The potential harm that consumers will be deceived into registering for and using Facebook and be the subject of DEFENDANT'S false and misleading representations is substantially injurious to consumers and violates public policy, and is immoral, unethical, oppressive, and unscrupulous, because the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

75.    As a direct and proximate result of DEFENDANT'S unlawful, unfair and fraudulent business practices as alleged herein, PLAINTIFF has suffered injury in fact and lost money or property, including but not limited to loss to his reputations, the misappropriation of his likenesses (which has monetary value), the lessened value of DEFENDANT'S service to him, and the diminishment in value of his personal information.

76.    Pursuant to California Business & Professions Code § 17203, PLAINTIFF seeks an order of this Court prohibiting DEFENDANT from engaging in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering DEFENDANT perform its obligations under the law and the cancellation of any illegal obligations. PLAINTIFF additionally requests an order from the Court requiring that DEFENDANT provide complete equitable relief,

CLASS ACTION COMPLAINT

1   including that DEFENDANT disgorge profits and return or pay to PLAINTIFF and members of

2   the Class all of DEFENDANT'S ill-gotten gains obtained from the misappropriation, and/or pay

3   restitution.  PLAINTIFF also requests a court order that an asset freeze or constructive trust be

4   imposed over all monies in DEFENDANT'S possession which rightfully belongs to PLAINTIFF

5   and members of the Class.

**<u>FIFTH CAUSE OF ACTION</u>**

6

**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**

7

**(CAL. BUS. & PROF. CODE § 17500 ET SEQ.)**

8

9       77.     PLAINTIFF incorporates by reference all of the above paragraphs of this

10  Complaint as though fully stated herein.

11      78.     DEFENDANT committed acts of false advertising as defined by California

12  Business & Professions Code § 17500 et seq. by disseminating statements that were untrue or

13  misleading in connection with advertising of sponsored pages, by creating the false impression

14  that its users liked or promoted the products, services and/or companies in said pages, and by

15  disseminating statements, including but not limited to its terms of use (including its Statement of

16  Rights and Responsibilities and Data Use Policy), that were intended to lead reasonable

17  consumers, including PLAINTIFF and Class members, to believe that Facebook was a medium

18  intended to convey truthful information and that DEFENDANT would not create information

19  about consumers or make false representations about them, in the manner alleged above.

20      79.     DEFENDANT knew or should have known through the exercise of reasonable care

21  that the statements were untrue and misleading and that PLAINTIFF and Class members would

22  rely on them to their detriment.

23      80.     DEFENDANT's actions in violation of California Business & Professions Code §

24  17500 were false and misleading such that the general public was likely to be deceived in that

25  DEFENDANT failed to inform PLAINTIFF and Class members that DEFENDANT would falsely

26  attribute sponsorship, endorsement, approval, and preference in the form of "Likes" to them when

27  publishing advertisements.

28

CLASS ACTION COMPLAINT

81.    PLAINTIFF and Class members relied on DEFENDANT'S false and misleading representations and omissions in deciding to register for Facebook or remain registered with Facebook, provide personal information, and post content.

82.    As a direct and proximate result of these acts, PLAINTIFF has suffered injury in fact and has lost money or property, including but not limited to **loss to his reputations, the misappropriation of his likenesses (which has monetary value), the lessened value of DEFENDANT'S service to him, and the diminishment in value of his personal information**. Consequently, PLAINTIFF brings this cause of action on behalf of himself and the putative class and on behalf of the common or general interest and seeks restitution, disgorgement, injunctive relief, and all other relief allowable under § 17500 et seq.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**

**CAL. CIV. CODE § 1750 ET SEQ.**

83.    PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84.    This cause of action is brought for violations of the Consumer Legal Remedies Act ("CLRA").   PLAINTIFF brings his cause of action on his own behalf and on behalf of all similarly situated consumers within the meaning of Civil Code § 1781.

85.    As set forth herein, DEFENDANT violated and continues to violate the CLRA by engaging in the following practices among others proscribed by California Civil Code § 1770(a) in transactions that were intended to result in and did result in the sale of goods and services to consumers, including PLAINTIFF and Class members:

    (a)    misrepresenting the source, sponsorship, approval, or certification of goods or services; and

    (b)    representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

CLASS ACTION COMPLAINT

86.     Specifically, DEFENDANT represented to the public that its users, including PLAINTIFF and Class members, sponsored or liked certain products or companies without their knowledge or permission.  DEFENDANT knew or should have known that its representations and advertisements regarding its services were false and misleading.

87.     PLAINTIFF and other Class members relied on DEFENDANT'S representations in deciding to register for Facebook or remain registered with Facebook, provide personal information, and post content.

88.     As a direct and proximate cause of DEFENDANT'S violation of the CLRA as alleged hereinabove, PLAINTIFF and Class members have suffered damages, including but not limited loss of money or property.

89.     Pursuant to California Civil Code § 1780, PLAINTIFF, on behalf of himself and the Class, seeks damages, restitution, injunctive relief, punitive damages, attorneys' fees, and the costs of litigation.

90.     On or about January 08, 2014, PLAINTIFF, on behalf of himself and the putative class, sent by certified mail return receipt requested a notice and demand pursuant to California Civil Code § 1782 notifying DEFENDANT that it is in violation of the CLRA and must correct, repair, replace, or otherwise rectify the violations.  DEFENDANT was further advised that in the event the relief requested has not been provided within 30 days, Plaintiff would seek monetary damages pursuant to the CLRA.  If DEFENDANT fails to rectify or agree to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of the written notice pursuant to California Civil Code § 1782, PLAINTIFF will seek actual, punitive, and statutory damages as appropriate.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

91.     PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92.     DEFENDANT solicits and encourages PLAINTIFF and Class members to register and use Facebook and post content on it.  As part of using DEFENDANT'S service, PLAINTIFF

15

CLASS ACTION COMPLAINT

and members of the Class regularly post content and other personal information to be seen by other persons, including their Facebook Friends.

93.     By soliciting and encouraging PLAINTIFF and Class members to register and use Facebook and post content, and by agreeing to accept PLAINTIFF'S and Class members' content and information, DEFENDANT assumed a duty to exercise reasonable care not to misrepresent information about PLAINTIFF and the Class in connection with advertisements or otherwise, including information they do or do not post or products, services, and/or companies they do or do not sponsor, endorse, or prefer in the form of "Likes."

94.     DEFENDANT breached its duty of care to PLAINTIFF and Class members by misrepresenting their Facebook content and information and by perpetuating false information, as alleged herein.

95.     As a direct and proximate cause of DEFENDANT'S failure to exercise reasonable care, PLAINTIFF and Class members have suffered economic and non-economic injuries in the form the decreased value of their personal information, the lessened value to them of DEFFENDANT'S Facebook service, loss of time in correcting DEFENDANT'S false representations and/or communicating with Friends to correct these false representations, loss of reputation, misappropriation of their likenesses (which have monetary value), as well as embarrassment, shock, anger, confusion, anxiety, and dismay.

96.     In making the false representations alleged above, DEFENDANT was guilty of negligence, oppression, fraud, or malice, in that DEFENDANT made the disclosure negligent or with a willful and conscious disregard of PLAINTIFF'S and Class members' property rights. PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

97.     PLAINTIFF believes that DEFENDANT will to continue disclosing the above information.  Unless and until enjoined and restrained by order of this court, DEFENDANT'S continued publication will cause PLAINTIFF and Class members great and irreparable injury. PLAINTIFF has no adequate remedy at law for the injuries being suffered in that a judgment for monetary damages will not put a stop to DEFENDANT'S tortious conduct as alleged herein.

CLASS ACTION COMPLAINT

**EIGHTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

97.     PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98.     DEFENDANT entered into a contract with PLAINTIFF and Class members in part expressed in DEFENDANT'S user agreement and other terms and conditions of use whereby DEFENDANT agreed to provide its Facebook service to them in exchange for DEFENDANT'S access to their personal information and Facebook content so that it could, among other things, sell advertising space to marketers.

99.     As part of this bargain, DEFENDANT agreed, whether explicitly or impliedly, not to interject false content and/or make false representations about PLAINTIFF and Class members that would be visible to other Facebook users, specifically users' Friends, as this would diminish, reduce, and/or eliminate the value of the service to PLAINTIFF and Class members.

100.     DEFENDANT materially breached this contract with PLAINTIFF and Class members by its conduct alleged herein, namely, by projecting false information to others, including their Facebook Friends

101.     As a direct and proximate cause of DEFENDANT's breach, PLAINTIFF and members of the Class have incurred damages in that they did not receive the benefit of the bargain for which they contracted and for which they paid valuable consideration in the form of their Facebook membership and presence, personal information, and Facebook content.  Owing to DEFENDANT'S breach, PLAINTIFF and Class members overpaid for the bargained-for service and therefore are entitled to damages in an amount to be proven at trial.

**NINTH CAUSE OF ACTION**

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

102.     PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103.     Members of the Class, including PLAINTIFF, entered into a contract alleged herein above.  Implied in this contract was a covenant of good faith and fair dealing by each party not to

do anything that will deprive the other parties of the benefits of the contract such as falsely representing content and information to give the appearance that PLAINTIFF and Class members sponsored or endorsed products, services, and/or companies in the form of "Likes" when in fact they did not.

104.   PLAINTIFF and Class members have performed all conditions, covenants, and promises required of them under the contract, namely, they have registered with DEFENDANT'S services and provided information and content.

105.   DEFENDANT breached the implied covenant of good faith and fair dealing by falsely representing content and information to give the appearance that PLAINTIFF and Class members sponsored or endorsed products, services, and/or companies in the form of "Likes" when in fact they did not.

106.   As a direct and proximate cause of DEFENDANT'S breach of the implied covenant of good faith and fair dealing, PLAINTIFF and Class members have been damaged, as alleged above, in an amount to be proven at the time of trial.

**TENTH CAUSE OF ACTION**

**RESTITUTION BASED ON QUASI-CONTRACT/UNJUST ENRICHMENT**

107.   PLAINTIFF incorporates by reference each allegation set forth above. PLAINTIFF pleads this cause of action in the alternative.

108.   DEFENDANT has been unjustly enriched at the expense of PLAINTIFF and the Class, thereby creating a quasi-contractual obligation DEFENDANT to restore these ill-gotten gains to PLAINTIFF and Class members.

109.   Specifically, PLAINTIFF and other Class members conferred benefits on DEFENDANT by signing up for Facebook and thereby increasing the number of Facebook users and also granting Facebook permission to use their personal information and Facebook content, all of which DEFENDANT derives a benefit from through its sale of advertising space.

110.   DEFENDANT received benefits from PLAINTIFF and Class members by misattributing endorsement and preferences in the form of "Likes" to them for various products, services, and/or companies when they had not in fact endorsed or preferred those products,

**CLASS ACTION COMPLAINT**

services, and/or companies.  In this way, PLAINTIFF and Class members conferred a benefit on DEFENDANT by endorsing and sponsoring products, companies, and/or services that they had not in fact "Liked" on Facebook.

111.    As a direct and proximate result of DEFENDANT's unjust enrichment, PLAINTIFF and Class members are entitled to restitution and/or disgorgement, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests that the Court grant PLAINTIFF and the Class members the following relief against DEFENDANT:

a.  An order certifying the proposed class and appointing PLAINTIFF and PLAINTIFF'S counsel to represent the Class;

b.  Injunctive relief prohibiting DEFENDANT from engaging in such conduct as alleged herein in the future as to all Counts;

c.  An order declaring that DEFENDANT's acts and practices constitute a misappropriation of likeness, as alleged herein as to Counts I, II and III;

d.  Actual damages as to all Counts

e.   Statutory  damages as to Counts I and V;

f.  Punitive damages as to Counts I, II, III, IV and VI;

g.  Restitution, or any other equitable relief the Court may deem just and proper as to all Counts;

h.  Pre-judgment and post-judgment interest as to all Counts;

i.  Reasonable attorneys' fees and costs of the suit, including expert witness fees as to All Counts; and

j.  Any other relief the Court may deem just and proper.

CLASS ACTION COMPLAINT

1                             **<u>TRIAL BY JURY</u>**

2        PLAINTIFF hereby demands a jury trial on all issues so triable.

3

4  Dated: January 09, 2014                      Respectfully Submitted

5                                   By:<u>/s/ Todd M. Friedman, Esq.</u>

6                                   Todd M. Friedman, Esq.
                                    *Attorney for Plaintiff*

7 **KAZEROUNI LAW GROUP, APC**

8 Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com

9 245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626

10 Telephone: (800) 400-6808
Facsimile: (800) 520-5523

11

12 **HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)

13 josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301

14 San Diego, CA 92108
Telephone: (619) 233-7770

15 Facsimile: (619) 297-1022

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**<u>Exhibit A</u>**

CLASS ACTION COMPLAINT

